UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                                                   Chapter 7

HYPNOTIC TAXI, LLC, et al.,                                        Case No. 15-43300 (CEC)
                                                                                          Jointly Administered
                                   Debtors.
------------------------------------------------------------X
CITIBANK, N.A.,                                                              Adv. Pro. No. 18-01080 (CEC)

                                   Plaintiff,
-against-

EAST 65TH ST OWNERS, LLC, et al.,

                                   Defendants.
------------------------------------------------------------X

## ORDER GRANTING STERLING NATIONAL BANK'S
## MOTION TO INTERVENE AND MOTION TO ABSTAIN

       WHEREAS, on July 5, 2018, Citibank, N.A. ("Citibank") commenced this adversary proceeding against East 65th Street Owners LLC, East 66th Street Unit Owners LLC, Halsey Lane Owners, LLC, Amethyst Realty LLC, Helium Realty LLC, Graphite Realty LLC, Prince Harry Realty LLC, Sulfur Realty LLC, Turquoise Realty LLC, Tiger Eye Realty LLC, Zinc Realty, LLC, Alexandrite Realty Corp., Almaz Realty Corp., Bloodstone Realty Corp., Bull consulting Inc., Coral Realty Corp., Denga Realty Corp., Dylan Realty Corp., Granat Realty Corp., Izumrud Realty Corp., Quartz Realty Corp., Zemchug Realty Corp., Zoloto Realty Corp. collectively, the "Initial Defendants"); and

       WHEREAS, on July 19, 2018, Citibank filed an amended complaint adding Ellen M. Walker and Ethan Gerber as Trustees Under 108 Halsey Street Irrevocable Residence Trust U/A dated February _, 2013, Ellen M. Walker and Mamed Dzhaniyev as Trustees under 200 East 66th St. Residence Trust U/A 6/15/08, Ellen M. Walker and Ethan Gerber As Trustees Under 136 East 65th Street Irrevocable Residence Trust U/A dated October 28, 2010, and 43-05 Vernon Boulevard, LLC as defendants, and amending the name of defendant East 66th Street Unit Owners LLC to 66th Street Unit Owners LLC (collectively with the Initial Defendants, the "Defendants"); and

       WHEREAS, on August 23, 2018, Sterling National Bank ("Sterling") filed a motion to intervene (the "Motion to Intervene") in this adversary proceeding; and

       WHEREAS, on August 23, 2018, Sterling filed a proposed answer to Citibank's amended complaint dated July 19, 2018; and

1

WHEREAS, on August 23, 2018, Sterling filed a motion to dismiss or abstain (the "Motion to Dismiss or Abstain") in this adversary proceeding; and

WHEREAS, on September 11, 2018, Citibank filed opposition to the Motion to Intervene and Motion to Dismiss or Abstain; and

WHEREAS, on September 14, 2018, Sterling filed a reply to the Citibank's opposition to its Motion to Intervene; and

WHEREAS, on September 16, 2018, Sterling filed a reply to the Citibank's opposition to its Motion to Dismiss or Abstain; and

WHEREAS, on October 29, 2018, Citibank filed a motion for default judgment (the "Motion for Default Judgment"); and

WHEREAS, on November 16, 2018, Sterling filed an objection to the Motion for Default Judgment; and

WHEREAS, on December 4, 2018, Citibank filed a response to Sterling's objection to its Motion for Default Judgment; and

WHEREAS, on December 13, 2018, the Court held a hearing (the "Hearing") on the Motion to Intervene and Motion to Dismiss or Abstain (collectively, the "Motions"), at which the Defendants did not appear, but Citibank and Sterling appeared and were heard; and

WHEREAS, at the Hearing, Citibank and Sterling consented to this Court entering a final order on the determination of the Motions to the extent that any determination of the Motions would constitute a final order (Tr. 3: 16–23, 6: 11–21)[1]; and

WHEREAS, Rule 24(a) of the Federal Rules of Civil Procedure, applicable to this adversary proceeding pursuant to Rule 7024 of the Federal Rules of Bankruptcy Procedure, requires a court to "permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest," Fed. R. Civ. P. 24(a)(2); and

WHEREAS, Rule 24(b) permits a court, on timely motion, to allow "anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact," Fed. R. Civ. P. 24(b)(1)(B); and

WHEREAS, at the Hearing, Citibank conceded that Sterling is entitled to intervene (Tr. 16: 16–16); and

---

[1] "Tr." refers to the transcript of the hearing held on December 13, 2018.

WHEREAS, Sterling seeks dismissal of this adversary proceeding for lack of subject matter jurisdiction based upon its contention that the chain of causation between the outcome of this proceeding and any effect upon the Debtors' estates is too far removed; and

WHEREAS, Sterling contends that, even if this Court has subject matter jurisdiction of the claims asserted in this proceeding, this Court should abstain from exercising such jurisdiction; and

WHEREAS, Citibank, Sterling, and certain other creditors claim interests in assets of the Defendants, based upon various levies, judgments, and security interests; and

WHEREAS, Citibank claims that it has properly levied on the real estate owned by the Defendants, based upon its contention that Evgeny Freidman and the Defendants are alter egos, and has commenced this adversary proceeding to obtain a declaratory judgment to that effect; and

WHEREAS, prior to the commencement of this adversary proceeding, Sterling commenced an action in Supreme Court, New York County (the "State Court Action") pursuant to N.Y. Civil Practice Law & Rules §§ 5225, 5227, and 5239, to which Citibank and other creditors are parties, seeking a turnover of all right, title, and interest in the Defendants, and seeking a determination of priority in the distribution of those assets; and

WHEREAS, section 1334(c) of title 28 of the United States Code provides that "[n]othing in this section prevents a district court in the interest of justice, or in the interest of comity with state courts or respect for state law, from abstaining from hearing a particular proceeding . . . arising in or related to a case under title 11," 28 U.S.C. § 1334(c)(1); and

WHEREAS, courts consider certain factors when determining whether permissive abstention is appropriate, including:

> (1) the effect or lack thereof on the efficient administration of the estate if a court recommends abstention;
> (2) the extent to which state law issues predominate over bankruptcy issues;
> (3) the difficulty or unsettled nature of the applicable state law;
> (4) the presence of a related proceeding commenced in state court or other non- bankruptcy court;
> (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334;
> (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
> (7) the substance rather than the form of an asserted 'core' proceeding;
> (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
> (9) the burden of [the court's] docket;

>(10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties;
>(11) the existence of a right to a jury trial; and
>(12) the presence in the proceeding of non-debtor parties;

Barbado v. Wider (In re Wider), Case No. 09-42993-AST, Adv. No. 09-08313-AST, 2009 WL 4345411, at *2 (Bankr. E.D.N.Y. Nov. 30, 2009) (citing Wallace v. Guretzsky, No. CV–09–0071, 2009 WL 3171767, at *2 (E.D.N.Y. Sept. 29, 2009)); and

WHEREAS, as to factor number 1, abstention will have no effect on the efficient administration of the estates of the Debtors in these bankruptcy cases, because the Debtors' estates consist of certain taxi medallions and related assets which are being administered by the chapter 7 trustee, and while the amount ultimately received by Citibank as a result of its levies on the Defendants and their assets may affect the amount that will be available for distribution to other creditors in these cases, the ultimate determination of how much Citibank receives from these assets will be made in the State Court Action in any event; and

WHEREAS, as to factor number 2, state law is the exclusive law applicable to the determination of the issue before this Court; and

WHEREAS, as to factor number 3, the issue before this court is whether the Defendants are alter egos of Freidman, which is a difficult, fact-specific determination under state law that is not simply formulaic or routinely decided; and

WHEREAS, as to factor number 4, the state court proceeding is related to the issues before this Court because it involves the marshalling of assets and the determination of priority among creditors claiming an interest in the Defendants and their assets; and

WHEREAS, as to factor number 5, there is no jurisdictional basis in federal law other than "related to" jurisdiction pursuant to Section 1334(b); and

WHEREAS, as to factor number 6, the main bankruptcy cases are chapter 7 cases that are nearly completely administered, this adversary proceeding does not involve estate property, and Citibank's claims are factually and legally independent of the Debtors' bankruptcy cases; and

WHEREAS, as to factors numbers 7 and 8, there are no core bankruptcy matters implicated in this adversary proceeding;

WHEREAS, as to factor number 9, while this adversary proceeding does not unduly burden the docket of this Court, it is not appropriate for this Court to decide the issues raised in this adversary proceeding; and

WHEREAS, as to factor number 10, while Citibank vigorously denies forum shopping, abstention is appropriate regardless of Citibank's reason for seeking this determination in this Court; and

WHEREAS, as to factor number 12, none of the parties involved in this adversary proceeding or in the State Court Action are debtors in these bankruptcy cases;

NOW THEREFORE, it is hereby

ORDERED, that Sterling's Motion to Intervene is granted; and it is further

ORDERED, that Sterling's Motion to Dismiss or Abstain is granted to the extent that the Court abstains from hearing this adversary proceeding pursuant to 28 U.S.C. § 1334(c)(1).



**Dated: Brooklyn, New York**
**January 7, 2019**

_____
**Carla E. Craig**
**United States Bankruptcy Judge**